UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES W. SMITH,

        Petitioner,

v.                                       Case No. 12-C-599

UNITED STATES OF AMERICA,

        Respondent.

## ORDER

James Smith filed this petition pursuant to 28 U.S.C. § 2255, asserting that his incarceration is unconstitutional. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Smith's petition was filed more than five years after he pled guilty to a possession-with-intent charge. Because it was not filed within the one year limitation provided by statute, Smith must rely on one of the tolling provisions of § 2255(f). Here, he asserts that he is relying on a 2011 Supreme Court case, *Depierre v. United States,* 131 S.Ct. 2225 (2011), which he argues required the government to prove that the substance he possessed was crack cocaine.

However, § 2255(f)(3) provides that the one-year period begins running from the date the Supreme Court recognized the new right *if* it is made "retroactively applicable to cases on collateral review." That has not happened. *United States v. Crump,* 2012 WL 604140, *2 (W.D.Va. 2012) (dismissing as untimely a § 2255 petition relying on *Depierre,* noting that "*Depierre* is not retroactively applicable to cases on collateral review"); *Wilson v. United States,* 2011 WL 6308907, *3 (W.D. La. 2011) ("*Depierre* has not been recognized or declared a retroactively applicable Supreme Court decision.") Even if the petition were timely, however, *Depierre* does not provide a basis for relief. The case found that the statutory definition of crack cocaine includes *more* than merely crack—it includes any form of cocaine base as well. 131 S.Ct. at 2237. The term "cocaine base" encompasses more than just "crack cocaine"; it includes all forms of "base" cocaine, including crack, free base, coca paste, or any other "base" form of cocaine. *Id.* at 2231–32. "While defining the term 'cocaine base,' *DePierre* does not address or specify the type of proof the government must use to prove distribution of cocaine base." *Rashaad v. United States*, 2012 WL 2131341, *1 (W.D.N.C. 2012). As such, the case does not provide any grounds for relief.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2255 Cases. I further conclude that a certificate of appealability should not issue because reasonable jurists could not debate the outcome and Petitioner has not demonstrated the denial of any constitutional rights.

Dated this    20th    day of June, 2012.

       s/ William C. Griesbach  
       William C. Griesbach  
       United States District Judge